UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RONNIE CLARK**                                                                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:25CV-P482-JHM**

**JEREMY BALL** *et al.*                                                           **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Ronnie Clark filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at Kentucky State Reformatory (KSR). He sues the following individuals employed at KSR: Jeremy Ball, Anna Valentine, Phillip Cambell, Nurse Shawn, Timothy Gordon, Abigail Dawkins, Kimberly Thompson, Travis St. Clair, Greg Billings, and Josh Shanks.

Plaintiff begins his complaint with 11 pages of words and definitions which he describes as "definitions for reference." The first is the word "oscillation" for which he highlights the following definition: "a flow of electricity changing periodically from a maximum to a minimum or from positive to negative when an electrical system with capacitance and inductance is disturbed from equilibrium." The words and definitions include many variations on "oscillate," variations on "crystal," and the word "electrode."

The statement of claim, consisting of 19 handwritten pages, states as follows:

> The administrators, phsycriatric staff, Aramark employees, nursing dept., maintanence dept. and individuals on the street who belong to a rouge group of mostly Department of Corrections employees. Have manipulated the electrical, and security system and converted it to a very abusive technological system. Its

...

> an advanced neurological transmitter, rectifying detector, and crystal microphone system and intigrated it into the Kentucky penitentiary system. I know for fact its used at K.S.P., G.R.C.C., L.S.C.C., and where I'm currently housed, and located at Kentucky State Reformatory. This is a very elaborate, and sophisticated system beyond most human beings minds to be able to comprehend. Thats the way it was structured and specifically put in effect to abuse inmates. It makes an inmate unbeknownst to their knowledge, and against our will have to be a conductor, and a converter of the prison's converted piezoelectric lighting system. When the prisons lighting system all use dielectric crystal bulbs, or the use of LED crystal bulbs it converts the whole electrical system to now run on a peizoelectricity. Then the prison has hooked up a neurological transmitter to the camera, and security system that runs on and is connected to computers. The (VERINT) camera system meaning video, electrical, rectifying, illuminating, neurological technology, or transmitter. Allow these tech savy rouge staff to use the computers to make graphs of inmates through the camera system, or osciligraphs then take the graph after its electromagnetized and reconnect it to the inmates re-graphing. Then force piezoelectrical current in which these facilities now run on, through inmates body 24-7 against the inmates will. This infusion or electrical diffusion then is exstracted from the inmate as electromagnetic radiation. The inmate has been made into a human crystal oscillator.
>
> . . .
>
> So they committ sexual abuse with electrical current! As well as physical abuse all outside of the inmates control. This electromagnetic radiation exstracted from the inmate and staff creates an electro magnetic field around the whole facility. This creates radiowaves electromagnetic, and or electrostatic waves. This allows a crystal, or rectifying detector and crystal microplane, crystal electrode sequence to be established and used by the staff to speak and receive invisible communications to and from the inmate, and to and from the staff, or abusive parties. This again can not be controlled by the inmate either. Those staff constantly abuse the inmate by antagonizing, and berating them. The inmate can not turn the frequency off the voices from those people will not be stoped period! Most of these conversations are very sexual in nature, and try to intimidate, or manipulate the inmate to sexually act out mentally, or physically for these people.

The statement of claim continues along similar lines, alleging that these actions violated the Eighth Amendment's Cruel and Unusual Punishments Clause. He also alleges that he was "refused medical attention for the burns received to penis from the relentless inducing of this electrical current." He states that he asked "to be treated for piezoelectrical burns to my penis due to this converted electrical system at K.S.R."

In addition, he asserts violation of his rights under the First and Fourth Amendments on the following basis

> These people who are supervising officials have allowed if not fully facilitated there co-workers and employees to speak non-stop propaganda about Satanism and me denouncing my Christian faith or they would kill me! As well as sent me years worth of demonic, and Satanic mental video visuals both computer and kinetically enhanced straight to my brain against my will and my refusals only made them abuse me more.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Upon review of the complaint, the Court finds that Plaintiff's allegations meet the standard for frivolousness. *See Neitzke*, 490 U.S. at 328 (allowing for the dismissal of "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar"); *Dunn v. Kemp*, No. 5:24-cv-473-MTT, 2025 U.S. Dist. LEXIS 87795, at *4, 6 (M.D. Ga. May 8, 2025) (dismissing as frivolous a prisoner's claim that "'[t]he Government is using electromagnetic and ps[y]chotronic weapons, E.M.F. brain stimulation, radiation, biochips, framework, software, computer systems, virtual reality 'phantom['] that employs force feedback . . .'" to cause him pain and harass him) (alteration in original); *Hecker v. Cent. Intel. Agency*, No. 21-CV-2701, 2022 U.S. Dist. LEXIS 11079, at *5 (E.D. Penn. Jan. 20, 2022) ("Federal courts routinely dismiss allegations that . . . governmental agencies are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible.") (collecting cases); *Tedder v. Lafayette Police Dep't*, No. 4:21-CV-51-TLS-JPK, 2021 U.S. Dist. LEXIS 173147, at *3 (N.D. Ind. Sept. 10, 2021) (dismissing claims as frivolous where the plaintiff alleges "that he and other mentally ill inmates are being tortured with hypnotism, extreme medications, electromagnetic pulses, and AM radio microwave frequencies"); *Hernandez v. Doe*, No. 5:19CV00136-KGB-JTR, 2019 U.S. Dist. LEXIS 184191, at *2 (E.D. Ark. June 20, 2019) (dismissing claims as frivolous where the plaintiff alleged that jail personnel were "invading his privacy and exposing his mind on a speaker and/or radio, resulting in psychological harm and placing him in a hazardous shock and paranoia") (internal quotations and alterations omitted), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 183543 (E.D. Ark. Oct. 22, 2019).

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)); *see also Terry v. United States*, No. ED CV 14-1881-VBF(E), 2014 U.S. Dist. LEXIS 145530, at *5 (C.D. Cal. Sept. 16, 2014) (allegations in fee-paid complaint that defendants were using directed energy weapons to send voices into plaintiff's head were "frivolous, delusional and fanciful" and did not confer subject matter jurisdiction on the court), *recommendation and report adopted*, 2014 U.S. Dist. LEXIS 145536 (C.D. Cal. Oct. 10, 2014).

The Court concludes that the complaint meets the standard for dismissal under Fed. R. Civ. P. 12(b)(1), as well.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.[1]

Date: December 2, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010

---

[1] Since filing the complaint, Plaintiff also filed two letters (DNs 7 and 9). The Court has reviewed the filings and finds that they do not present any reason which prevents the Court from dismissing the instant action for the reasons stated herein.